UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE LLC and GUETATCHEW FIKROU,<br><br>Plaintiff(s),<br><br>v.<br><br>FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al.,<br><br>Defendant(s). | Case No. 2:14-CV-908 JCM (GWF)<br><br>ORDER |

Presently before the court is a motion for temporary restraining order filed by plaintiffs ABET Justice LLC and Guetatchew Fikrou (hereinafter "plaintiffs"). (Doc. # 21).

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65.

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at \*2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coal. of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

. . .

**James C. Mahan**
**U.S. District Judge**

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Plaintiffs seek a temporary restraining order to prevent defendants from conducting the trustee's sale on September 3, 2014, and from evicting plaintiffs from the subject property. (Doc. # 21). Plaintiffs filed their motion on August 18, 2014. (Doc. # 21). Pursuant to Federal Rule of Civil Procedure 65, a temporary restraining order may only be issued for a maximum of 14 days. Fed. R. Civ. P. 65(b)(2) ("[t]he order expires at the time after entry—not to exceed 14 days . . . ."). Therefore, the temporary restraining order that plaintiffs seek would expire before the proposed date of sale. For that reason, the motion for a temporary restraining order will be denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 21) be, and the same hereby is, DENIED as moot.

DATED August 19, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -