UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE LLC and GUETATCHEW FIKROU,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:14-CV-908 JCM (GWF)<br><br>ORDER |

Presently before the court is a motion to dismiss plaintiffs' complaint with prejudice, filed by defendants First America Trustee Servicing Solutions, LLC, Residential Credit Solutions, Inc., and the Bank of New York Mellon f/k/a the Bank of New York as trustee (hereinafter "defendants"). (Doc. # 5). Plaintiffs Abet Justice LLC and Guetatchew Fikrou (hereinafter "plaintiffs") filed a response, (doc. # 9), to which defendants replied, (doc. # 11).

Also before the court is defendants' motion to expunge lis pendens. (Doc. # 10). Plaintiffs filed a response, (doc. # 17), to which defendants replied, (doc. # 20).

This case involves a dispute over real property that was subject to an HOA "super priority" lien. Plaintiffs claim that they purchased the property commonly known as 2138 Montana Pine Drive, Henderson, Nevada 89052 for the amount of $42,100 and thereby extinguished defendants' $556,000 deed of trust.

Over the last several months, the court has become all too familiar with Nev. Rev. Stat. § 116.3116, which grants priority to portions of liens arising from delinquent HOA assessments. Countless cases have been filed in Nevada posing the question as to whether a foreclosure of an HOA's "super priority" interest extinguishes deeds of trust that predate the HOA lien.

**James C. Mahan**
**U.S. District Judge**

Courts at both the state and federal levels disagree as to the correct interpretation of this provision. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 2013 WL 5780793 (D. Nev. 2013) (holding that foreclosure of an HOA super priority lien extinguishes a deed of trust); *LVDG Series 125 v. Welles*, 2013 WL 6175813 (D. Nev. 2013) (holding that a deed of trust is not extinguished following the foreclosure of an HOA super priority lien).

Despite the numerous cases presenting this precise question that have been filed in state courts, the Nevada Supreme Court has yet to weigh in on the issue. At present, "there are over fifty cases pending before the Nevada Supreme Court that turn upon this very question." *Saticoy Bay LLC v. Flagstar Bank, FSB*, No. 2:13-cv-1589-JCM-VCF (D. Nev. Feb. 28, 2014) (order granting motion to stay). Though federal district courts can generally rule upon questions of state law, this power becomes rather murky when there is no precedent from a state's highest court to assist in interpreting novel statutes. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). This difficulty is compounded further by the fact that Nevada has no intermediate appellate courts to provide guidance before these questions reach the Nevada Supreme Court.

It is quite apparent that there is disagreement among state and federal courts regarding the interpretation of Nev. Rev. Stat. § 116.3116, and many of those cases are pending before the Nevada Supreme Court. Once the supreme court returns from summer recess, this court anticipates a decision that will resolve those cases and provide guidance for this litigation.

Therefore, the court finds it appropriate to deny the instant motions without prejudice. The parties are free to refile the instant motions upon a ruling by the Nevada Supreme Court as to whether a foreclosure of an HOA "super priority" lien pursuant to Nev. Rev. Stat. § 116.3116 extinguishes an earlier deed of trust.

**I.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 5), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens, (doc. # 10), be, and the same hereby is, DENIED without prejudice.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that defendants shall have thirty (30) days from the entry of
2 a ruling of the Nevada Supreme Court on the question identified above to renew their motions.
3    DATED August 26, 2014.

_____
UNITED STATES DISTRICT JUDGE

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**