UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE LLC, and GUETATCHEW FIKROU, <br><br>                           Plaintiff(s), <br><br> v. <br><br> FIRST AMERICA TRUSTEE SERVICINGSOLUTIONS, LLC, et al., <br><br>                           Defendant(s). | Case No. 2:14-CV-908 JCM (GWF) <br><br> ORDER |

Presently before the court is a motion for reconsideration filed by plaintiffs Abet Justice, LLC, and Guetatchew Fikrou (hereinafter "plaintiffs"). (Doc. # 25). Defendants filed a response, (doc. # 27), and plaintiffs did not file a reply.

On August 18, 2014, plaintiffs filed a motion for temporary restraining order ("TRO") to enjoin a trustee's sale scheduled to take place on September 3, 2014. (Doc. # 21). On August 19, 2014, the court denied the motion as moot. (Doc. # 22).

In its order denying the motion, the court cited Federal Rule of Civil Procedure 65, which permits the court to issue a TRO for a period "not to exceed 14 days." Fed. R. Civ. P. 65(b)(2). The court reasoned that because the TRO sought by plaintiffs would expire before the proposed date of sale, granting a TRO would be inappropriate.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

**James C. Mahan**
**U.S. District Judge**

1  1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be
2  filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

3  Plaintiffs fail to cite newly discovered evidence or an intervening change in controlling
4  law. Further, plaintiffs have not shown that the court committed clear error or that the court's
5  decision was manifestly unjust.

6  Additionally, defendants note in their response to the instant motion to reconsider that the
7  foreclosure sale took place on September 3, 2014. (Doc. # 27). As a result, it is no longer
8  feasible for the court to grant a TRO enjoining the sale. For the foregoing reasons, the court will
9  deny the motion for reconsideration.

10  Accordingly,

11  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs' motion for
12  reconsideration, (doc. # 25), be, and the same hereby is, DENIED.

13  DATED October 3, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -