UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE LLC and GUETATCHEW FIKROU,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al.,<br><br>                    Defendant(s). | Case No. 2:14-CV-908 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Abet Justice LLC's (hereinafter "plaintiff") motion for summary judgment. (Doc. # 37). Defendants Bank of New York Mellon; First America Trustee Servicing Solutions, LLC; and Residential Credit Solutions, Inc. (hereinafter "defendants") filed a response, (doc. # 40), and plaintiff filed a reply, (doc. # 44). Plaintiff Guetatchew Fikrou also filed a reply. (Doc. # 45).

Also before the court is defendants' countermotion for summary judgment. (Doc. # 41). Plaintiff filed a response, (doc. # 43), and defendants filed a reply, (doc. # 48).

In its countermotion for summary judgment, defendants argue that retroactively applying the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), violates the mortgagee's due process rights. (Doc. # 41). In their briefing, the parties dispute the issue of whether Nevada Revised Statute 116.3116 is facially unconstitutional. (Docs. # 41, 45, 48).

A party that files a motion calling into question the constitutionality of a state statute must promptly "file a notice of constitutional question stating the question and identifying the paper that raises it, if . . . the parties do not include the state, one of its agencies, or one of its officers or

employees in an official capacity . . . ." Fed. R. Civ. P. 5.1(a)(1)(B).

The party must serve the notice on the state attorney general "by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." Fed. R. Civ. P. 5.1(a)(2). Defendants provide no proof of compliance with this rule.

Rule 5.1 also requires the court to "certify to the appropriate attorney general that a statute has been questioned" under 28 U.S.C. § 2403. Fed. R. Civ. P. 5.1(b). This statute states that the court "shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b).

In light of the foregoing rule and statute, the court will deny the parties' motions for summary judgment without prejudice to allow defendants and the court to comply and the attorney general to intervene. The parties may renew their motions after the attorney general has been afforded time to respond and upon showing compliance with the notice requirement of Rule 5.1(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment, (doc. # 37), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendants' countermotion for summary judgment, (doc. # 41), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendants shall provide notice to the Nevada attorney general in compliance with Federal Rule of Civil Procedure 5.1, and include proof of such notice upon filing any further motions raising constitutional challenges.

IT IS FURTHER ORDERED that this court certifies to the Nevada attorney general that it may rule on the constitutionality of the state statute at issue in this case, NRS 116.3116. The attorney general shall have thirty (30) days within which to intervene on behalf of the state of Nevada for presentation of argument on the question of the constitutionality of the statute.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that the clerk of court shall send a copy of this order by certified mail to the Nevada attorney general.

DATED May 4, 2015.

_____
UNITED STATES DISTRICT JUDGE