UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE LLC, et al.,<br><br>                             Plaintiff(s),<br>      v.<br>FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al.,<br><br>                             Defendant(s). | Case No. 2:14-CV-908 JCM (GWF)<br><br>ORDER |

Presently before the court is counter-defendant Sunridge Heights Homeowners' Association's ("Sunridge Heights") motion to dismiss. (Doc. #55). Defendant Bank of New York Mellon ("BONY") filed a response. (Doc. #62). Sunridge Heights did not filed a reply.

Also before the court is plaintiff Abet Justice LLC and Guetachew Fikrou's ("Abet") motion to dismiss, or in the alternative motion for summary judgment. (Doc. #57). Defendants First America Trustee Servicing Solutions, LLC ("First American"), Residential Credit Solutions, Inc. ("RCS"), and BONY filed a response and countermotion, (docs. #63, 64), and Abet filed a reply and response. (Docs. # 66, 67).

**I.     Background**

The present case involves a dispute over real property located at 2138 Montana Pine Drive in Henderson, Nevada ("the property"). (Doc. #55). Shannon Moore purchased the property on March 20, 2007. (Doc. #62). Moore financed her purchase with a $556,000.00 loan from Countrywide Home Loans, Inc. (hereinafter "Countrywide"). (*Id.*). The promissory note listed Countrywide as the note holder. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

Countrywide sold the note to BONY on November 9, 2010[1], and an assignment of deed of trust was recorded on March 7, 2014 that clarified the assignment to BONY. (*Id.*). Moore's loan was secured via a deed of trust encumbering the property. (*Id.*).

At some point, Moore stopped paying her HOA dues to Sunridge Heights. On September 11, 2013, Sunridge Heights filed a notice of delinquent assessment lien on the property. (*Id.*). On October 28, 2013, Sunridge Heights recorded a notice of default and election to sell the property under its HOA lien. (*Id.*).

On March 17, 2014, Sunridge Heights recorded a notice of a foreclosure sale. (*Id.*). Sunridge Heights held its non-judicial foreclosure sale on April 11, 2014, where Abet purchased a foreclosure deed for $42,100.00. (Doc. #55). On April 14, 2014, Abet acquired its alleged interest in the property when it recorded its foreclosure deed. (Doc. # 62 at 5-6).

Plaintiff Abet filed its original complaint in state court asserting two causes of action: (1) quiet title; and (2) declaratory relief. (*Id.*). BONY's amended answer and counterclaim also states a claim for quiet title and declaratory relief as well as five additional causes of action: (1) wrongful foreclosure; (2) negligence; (3) negligence per se; (4) breach of contract; and (5) preliminary and permanent injunction. (Doc. #49).

**II.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at

---

[1] BONY's opposition, (doc. #62), erroneously lists the recording date of the assignment of mortgage as November 9, 2011. However, the true and correct copy of the assignment, recorded as book and instrument number 20101109-0001966 and attached to BONY's request for judicial notice in connection with its motion to dismiss plaintiff's complaint as Exhibit A.3, (doc. #7), lists the recording date at November 9, 2010.

**James C. Mahan**
**U.S. District Judge**

- 2 -

555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. At 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitations of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

   *a.*   *Sunridge Heights' motion to dismiss BONY's counterclaims*

Sunridge Heights argues that it should be dismissed from the action because it was not an original party to the complaint and, therefore, the counterclaim against it is procedurally improper. Furthermore, Sunridge Heights argues it is not a necessary party to the action. Finally, Sunridge

**James C. Mahan**
**U.S. District Judge**

- 3 -

Heights contends that the court does not have jurisdiction over BONY's claims because it has not yet submitted them for mediation in accordance with N.R.S. § 38.310. (Doc. #55).

### i. *Sunridge Heights as a party to BONY's counterclaim*

Federal Rule of Civil Procedure 13(a) states: "[a] pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Subsection (h) provides that Federal Rules of Civil Procedure 19 and 20 "govern the addition of a person as a party to a counterclaim . . . ." Fed. R. Civ. P. 13(h).

Under Fed. R. Civ. P. 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Sunridge Heights is a necessary party to this action based on the current allegations and relief sought. Sunridge Heights has a present interest in the property because defendants allege that the HOA foreclosure sale is void. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). If defendants succeed in invalidating the sale, ownership of the property would revert to Ms. Moore, Abet would be entitled to recover from Sunridge Heights, and Sunridge Heights' lien against the property would be restored. Consequently, at this point, it appears that Sunridge Heights is a necessary party to the suit. *See id.; Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-cv-01287-RCJ-VCF, 2015 WL 7069298, at *2 (D. Nev. Nov. 12, 2015).

**James C. Mahan**
**U.S. District Judge**

- 4 -

### ii. NRS 38.320's mediation requirement

Sunridge Heights next argues N.R.S. § 38.310 requires a court to dismiss any claim relating to the interpretation, application, or enforcement of CC & Rs if the plaintiff has not first mediated its claim before the Nevada Real Estate Division ("NRED"). (Doc. #55).

### a. Negligence, negligence per se, breach of contract wrongful foreclosure

N.R.S. § 38.300(3) defines a "civil action" as including any actions for monetary damages or equitable relief. BONY's claims for wrongful foreclosure, negligence, negligence per se, and breach of contract all require this court to interpret "covenants, conditions or restrictions applicable to the property" or "any bylaws, rules and regulations of an association . . . ." N.R.S. § 38.310 (1)(b). Furthermore, these claims "[exist] separate from the title to land." *McKnight Family, LLP v. Adept Mgmt.,* 310 P.3d 555, 558 (Nev. 2013); *see 1597 Ashfield Valley Trust v. Fed. Nat. Mortgage Ass'n Sys.,* No. 2:14-CV-2123-JCM-GWF, 2015 WL 4581220, at *1 (D. Nev. July 28, 2015); *Nationstar Mortgage LLC v. Berezovsky*, No. 2:15-cv-909-JCM-CWH, 2016 WL 1064477, at *1 (D. Nev. Mar. 17, 2016).

Unlike a claim for quiet title, "[a] wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *Id.* at 559 (citing *Collins v. Union Fed. Sav. & Loan,* 662 P.2d 610, 623 (Nev.1983). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.' " *Turbay v. Bank of Am., N.A.,* No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins,* 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight,* 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.*

Consequently, BONY must submit a complaint through mediation or a certified program before proceeding with a civil action for negligence, negligence per se, breach of contract, and wrongful foreclosure. *See e.g.*, *1597 Ashfield Valley Trust,* 2015 WL 4581220, at *5-6; *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK,

James C. Mahan
U.S. District Judge

- 5 -

2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Therefore, BONY's claims are dismissed without prejudice.

### b. Quiet title and declaratory relief

A claim to quiet title is exempt from N.R.S. § 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id.* at 557. The court noted that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in N.R.S. § 38.300(3), and was therefore exempt from the requirements of N.R.S. § 38.310. *Id.* at 559.

BONY's quiet title claim does not fall within N.R.S. § 38.300(3)'s definition of a civil action and is therefore not subject to N.R.S. § 38.310's mediation requirement. Accordingly, the court denies Sunridge Heights' motion to dismiss BONY's claim to quiet title for failure to participate in the NRED mediation program.

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." N.R.S. § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.,* 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas,* 973 F.2d 803, 808 (9th Cir.1992)). As explained above, the court cannot dismiss Sunridge Heights as a party to the quiet title action based on BONY's current allegations and relief sought. *See, e.g.*, *Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Ass'n*. 2015 WL 7069298, *3 (D. Nev. Nov. 12, 2015); *see also U.S. Bank, N.A. v. Ascente Homeowners Ass'n,* 2015 WL 8780157, *2 (D. Nev. Dec. 15, 2015).

**James C. Mahan**
**U.S. District Judge**

- 6 -

*ii.     Injunctive relief*

Finally, BONY's second cause of action is for injunctive relief. The court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g., In re Wal–Mart Wage & Hour Employment Practices Litig .,* 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) ("injunctive relief is a remedy, not an independent cause of action") *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"). Injunctive relief may be available if BONY is entitled to such a remedy on an independent cause of action. BONY's claim for injunctive relief is therefore dismissed.

b.      *Abet and BONY's motions to dismiss or in the alternative motions for summary judgment*

Abet's motion to dismiss make two arguments: "1) the court lacks jurisdictions to hear this case because BONY has failed to submit its causes of action for wrongful foreclosure, negligence, and negligence per se to mandatory mediation as required by Nevada State law pursuant to NRS 38.300 et seq. And 2) Abet moves to dismiss the First Cause of Action (Quiet Title/ Declaratory Relief pursuant to NRS 30.000 et seq. and NRS 40.010 et seq. versus Buyer and HOA) and the Second Cause of Action (Preliminary and Permanent Injunction versus the Buyer) because . . . [t]hese are the same causes of action that ABET filed against BONY." (Doc. #57). As the court has already addressed these claims in Sunridge Heights' motion to dismiss, the court accordingly grants Abet's motion to dismiss in part, consistent with the above analysis.

To the extent that Abet's motion to dismiss (doc. #57) and BONY's response (doc. #64) are intended instead as requests for summary judgment, the court denies them both without prejudice.

Collectively, plaintiffs and defendants have filed no fewer than eight motions for summary judgment during the course of litigation, have flouted the Federal Rules of Civil Procedure at every stage of the proceedings, and have wasted this court's time and judicial resources attempting to untangle the filings and claims in this case.

**James C. Mahan**
**U.S. District Judge**

- 7 -

There have been at least two requests for judicial notice that the court has seen and well over 1,000 pages of exhibits and fractured theories for relief scattered throughout the numerous motions for summary judgment. For example, after Abet filed the present motion to dismiss or motion for summary judgment (doc. #57), it filed another motion for summary judgment (doc. #76) requesting that the court take judicial notice of the prior motion and all of the filings related to it, and then appears to recite many of the same arguments in greater detail in its latter motion for summary judgment. (Doc. #76).

BONY likewise has filed multiple motions for summary judgment, each of which contains increasingly detailed and new theories for recovery. Each of BONY's motions disregards local rule 7-4's page limitations, and collectively they amount to seventy-four pages worth of motions for summary judgment, not including exhibits. Furthermore, in light of the court's above findings dismissing all of BONY's claims except its claim for quiet title, many of BONY's arguments are no longer applicable to this action.

It is well established that the district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404–05 (9th Cir. 2010). In light of this unnecessarily scattered approach to summary-judgment briefing, coupled with the evolving state of the record, the court will exercise its inherent power to manage the docket, deny without prejudice and disregard the pending summary-judgment filings, and provide clear instructions for the renewed briefing.

The parties will have twenty-one days from the filing of this order to each file a renewed motion for summary judgment. Briefing will proceed under the schedule provided by Local Rule 7-2, to which the parties must adhere. No supplemental briefing will be entertained.

When preparing and submitting the renewed briefing, the parties must follow these instructions: 1) the page limits in Local Rule 7-4 apply. 2) Requests for judicial notice and to delay summary judgment under FRCP 56(d) should be contained within the summary-judgment briefs themselves—not framed as separate motions or requests; they are essential components of the parties' summary judgment arguments. 3) Any supporting affidavits or declarations must be filed

**James C. Mahan**
**U.S. District Judge**

- 8 -

with the motion, response, or reply as exhibits; they should not be filed as separate documents. 4) The parties must heed local rule 10-3(a)'s admonition that exhibits must not be "unnecessarily voluminous." 5) Courtesy copies of these filings must be delivered to chambers.

### IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Sunridge Heights' motion to dismiss (doc. #55), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that Abet's motion to dismiss BONY's counterclaim, or in the alternative, motion for summary judgment, (doc. #57), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that BONY's countermotion to dismiss, or in the alternative, motion for summary judgment, (doc. #64), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Abet's motion for summary judgment, (doc. #76), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that BONY's motion for summary judgment, (doc. #78), be, and the same hereby is, DENIED without prejudice.

DATED March 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**