# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ABET JUSTICE L.L.C. and GUETATCHEW FIKROU,<br><br>                    Plaintiffs,<br><br>vs.<br><br>FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al.,<br><br>                    Defendants. | Case No. 2:14-cv-00908-JCM-GWF<br><br>**FINDINGS**<br>**AND RECOMMENDATIONS** |

## BACKGROUND

This Report and Recommendation addresses the failure of Plaintiff Abet Justice L.L.C. ("Plaintiff"), a corporate entity, to obtain successor counsel.  On February 11, 2015, the Court granted Plaintiff's counsel of record's motion to withdraw and the Court ordered Plaintiff to retain new counsel. (ECF No. 34).  On February 24, 2015, Plaintiff's new counsel of record appeared on its behalf. (ECF No. 36).  On April 29, 2016, the Court granted Plaintiff's counsel of record's motion to withdraw and the Court ordered Plaintiff to retain new counsel on or before May 30, 2016. (*See* ECF No. 110).  On June 24, 2016, the Court ordered Plaintiff to show cause, in writing, on or before July 1, 2016, why sanctions should not be imposed for the failure to comply with the Court's order to retain new counsel. (ECF No. 117).  Plaintiff was advised that if it intended to continue to prosecute this matter, it was required to obtain legal counsel.  Plaintiff failed to respond to this Court's Order to Show Cause.  To date, Plaintiff has not complied and counsel has not appeared on behalf of Plaintiff.

## DISCUSSION

A corporation is not permitted to appear in federal court unless it is represented by counsel.

*U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Although a non-attorney may appear on his own behalf to represent himself, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). An individual has no authority to appear as an attorney for anyone other than himself. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure allows for the dismissal of an action based on a party's failure to obey an order of the Court. Further, the Supreme Court has held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See Link v. Wabash R. Co.* 370 U.S. 626, 630-31 (1962); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61; *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that the public's interest in expeditious resolution of litigation always favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has failed to obtain new counsel pursuant to the Court's explicit deadline and has also failed to request an extension or even explain it's failure to the Court. The Court's resources are best allocated to cases with active parties seeking to resolve their claims according to the rules of the Court. Therefore, the first and second factors weigh in favor of dismissal. Unreasonable delay will result in a presumption of prejudice. *Anderson v. Air West., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). A plaintiff may rebut the presumption of prejudice by offering a non frivolous explanation fo the delay. *Nealey v. Transportation Maritime Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). Considering Plaintiff's failure to obtain successor counsel without offering an explanation, the Court finds that the delay in this matter is not reasonable, and, therefore, the third factor weighs in favor of dismissal. Public policy favors resolution of cases on their merits whenever possible and, as such, the fourth factor weighs against dismissal. Plaintiff has been advised on at least

three separate occasions that corporations are not permitted to appear in federal court unless they are represented by counsel.  The Court granted Plaintiff 31 days to obtain new counsel.  Further, the Court ordered Plaintiff to show cause why sanctions should not be imposed and warned that failing to timely respond to the order to show cause would result in the imposition of sanctions.  Because the Court has exercised less drastic alternatives without success, the fifth factor weighs in favor of dismissal.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff Abet Justice, L.L.C.'s claims should be dismissed with prejudice based on Plaintiff's failure to comply with the Court's order to obtain successor counsel.

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 20th  day of July, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge