UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE LLC, et al., | Case No. 2:14-CV-908 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation recommending that plaintiff Abet Justice, L.L.C.'s ("Abet Justice") claims be dismissed with prejudice based on plaintiff's failure to comply with the court's order to obtain successor counsel ("R&R"). (ECF No. 121). *Pro se* plaintiff Guetatchew Fikrou filed an objection. (ECF No. 123).

In plaintiff Fikrou's objection, he asserts that he is seeking an attorney to represent him on this case and requests additional time to do so. (ECF No. 123). However, the magistrate's R&R recommends dismissal of plaintiff Abet Justice's claims, not of plaintiff Fikrou's claims. (ECF No. 121).

Plaintiff Abet Justice has not filed an objection. The deadline to file an objection has since passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

**James C. Mahan**
**U.S. District Judge**

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the R&R. Upon reviewing the recommendation and underlying briefs, the court finds that good cause appears to adopt the R&R.

On September 8, 2016, plaintiff Fikrou filed a substitution of representation requesting to represent his grantor, plaintiff Abet Justice. (ECF No. 130).

While plaintiff Fikrou is entitled to appear *pro se* on his own behalf, he has no authority to appear as an attorney on plaintiff Abet Justice's behalf or on behalf of anyone else. A corporation is not permitted to appear in federal court unless it is represented by counsel. *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Although a non-attorney may appear on his own behalf to represent himself, that privilege is personal to him. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). An individual has no authority to appear as an attorney for anyone other than himself. *Id.*

Plaintiff Abet Justice failed to respond to the magistrate's order to show cause, wherein it was cautioned that failure to timely respond would result in the imposition of sanctions. (ECF No. 121 at 3). To date, plaintiff Abet Justice still has not obtained successor counsel as ordered by Magistrate Judge Foley.

In light of the foregoing, the court will adopt the R&R in its entirety and dismiss plaintiff Abet Justice's claims with prejudice. As the R&R pertained solely to plaintiff Abet Justice's claims, this order likewise pertains solely to plaintiff Abet Justice's claims and not those of plaintiff Fikrou.

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 121) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff Abet Justice, L.L.C.'s claims be, and the same hereby are, DISMISSED WITH PREJUDICE consistent with the foregoing.

DATED September 26, 2016.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE