UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABET JUSTICE LLC, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al.,<br><br>Defendant(s). | Case No. 2:14-CV-908 JCM (GWF)<br><br>ORDER |

Presently before the court is the matter of *Abet Justice LLC v. First America Trustee Servicing Solutions, LLC et al.*, case number 2:14-cv-00908-JCM-GWF.

The court has ordered the parties to file a proposed joint pretrial order. (ECF Nos. 146, 153). The parties have failed to comply—first, by filing individual pretrial orders (ECF Nos. 148, 150), and then by filing an individual pretrial order with a marked-up draft of a joint pretrial order attached thereto (ECF No. 156).

As an initial matter, the court will strike the parties' noncompliant documents (ECF Nos. 148, 150, 156). *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

The parties assert that they have been unable to agree on the specific language in the joint pretrial order. (ECF Nos. 154, 155). Notably, Local Rule 16-4 addresses the parties' issue. In particular, Local Rule 16-4 provides that "[s]hould the attorneys or parties be unable to agree on the statement of issues of fact [and/or the statement of issues of law], the joint pretrial order should

**James C. Mahan**
**U.S. District Judge**

include separate statements of issues of fact [and/or statements of issues of law] to be tried and determined upon trial." LR 16-4 n.1, n.2.

In light of the foregoing, the parties shall file, within fourteen (14) days of the entry of this order, a proposed joint pretrial order that complies with LR 16-3 and LR 16-4. The proposed joint pretrial order shall be a final, clean version without any handwritten mark-ups. No further extensions will be considered absent a showing of good cause. Failure to timely comply with this order may result in sanctions and/or dismissal. *See, e.g.*, *Ready Transp., Inc.*, 627 F.3d at 404 (finding that "the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct" (citing *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998)).[1]

Accordingly,

IT IS HEREBY ORDERED that the parties shall file, within fourteen (14) days of the entry of this order, a joint pretrial order that complies with the applicable local and federal rules.

IT IS FURTHER ORDERED that the noncompliant documents (ECF Nos. 148, 150, 156) be, and the same hereby are, STRICKEN.

DATED June 14, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court acknowledges that plaintiff Guetatchew Fikrou is appearing *pro se*. However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

**James C. Mahan**
**U.S. District Judge**

- 2 -