UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ABET JUSTICE LLC, et al.,

                              Plaintiff(s),

        v.

FIRST AMERICA TRUSTEE SERVICING
SOLUTIONS, LLC, et al.,

                              Defendant(s).

Case No. 2:14-CV-908 JCM (GWF)

ORDER

Presently before the court is the matter of *Abet Justice LLC v. First America Trustee Servicing Solutions, LLC et al.*, case number 2:14-cv-00908-JCM-GWF.

The court has repeatedly ordered the parties to file a proposed joint pretrial order. (*See* ECF Nos. 146, 153, 158). Pursuant to the scheduling order, joint pretrial orders were originally due by September 28, 2015. (ECF No. 47). The court has granted countless motions and stipulations to extend the dispositive motions deadline, which, in turn, have extended the joint pretrial order deadline. The joint pretrial order deadline has been extended nearly two years from the original deadline. Despite these orders and countless extensions granted, the parties have, again, failed to timely comply.

On May 19, 2017, the court ordered the parties to file a joint pretrial order by May 26, 2017, or show cause in writing why the parties were unable to reach an agreement. (ECF No. 153). Defendant Sunridge Heights (the "HOA") filed a response (ECF No. 154), as did defendants Bank of New York Mellon ("BNYM") and First America Trustee Servicing Solutions, LLC ("FATSS") (ECF No. 155). In essence, defendants assert that they have been unable to agree with

plaintiff on the specific language in the joint pretrial order and that they have presented plaintiff with numerous drafts, all of which were rejected.  (ECF Nos. 154, 155).

Rather than filing a response to show cause, *pro se* plaintiff Guetatchew Fikrou elected to file an individual pretrial order, which was falsely titled as a "proposed joint pretrial order," wherein plaintiff attached defendants' proposed draft with his handwritten edits thereon.  (ECF No. 156).

On June 14, 2017, the court entered an order finding that Local Rule 16-4 adequately addressed the parties' disagreements over specific language.  (ECF No. 158).  Thus, the court struck plaintiff's noncompliant pretrial order and ordered the parties to meet and confer and file, by June 28, 2017, a proposed joint pretrial order in accordance with the applicable local and federal rules—specifically, LR 16-3 and LR 16-4.  (ECF No. 158).

In that same order, the court cautioned that failure to timely comply with the filing of a proposed joint pretrial order may result in sanctions and/or dismissal, citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010), for the proposition that "the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct."  (ECF No. 158).

To date, the parties have not filed a proposed joint pretrial order as ordered by the court, and the period to do so has since passed.  On June 30, 2017, the HOA filed a response to the court's June 14th order, setting forth the reasons for its noncompliance.  (ECF No. 159).  In particular, the HOA asserts that despite dozens of proposed drafts and attempts to meet plaintiff's demands, defendants have been unable to draft a joint pretrial order that plaintiff would sign.  (ECF No. 159).  The HOA further asserts that "[e]ven after cutting and pasting language that [plaintiff] wanted in the joint pretrial order and labelling it as disputed by the parties, [plaintiff] still would not agree to sign the final draft."  (ECF No. 159 at 3 (capitalizations omitted)).

On the same date, defendants FATSS, RCS, and BNYM, collectively, filed a response to the court's June 14th order, asserting that plaintiff has refused to sign the most recent working draft of the joint pretrial order and attaching, *inter alia*, email correspondences between the parties.  (ECF No. 160).

In light of the numerous extensions granted and the repeated failures to comply with the court's orders, dismissal of the instant action without prejudice in this instant order would be appropriate.[1]   The United States Supreme Court has long held that it is within a trial court's inherent power to dismiss an action for failure to comply with the court's orders, as well as for failure to prosecute.  *See, e.g.*, *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."); *Ready Transp., Inc.*, 627 F.3d at 404.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 630–31.

However, because policy favors the disposition of cases on the merits, the court will afford the parties one last opportunity to file a proposed joint pretrial order that complies with LR 16-3 and LR 16-4.  Again, while the court acknowledges that plaintiff is *pro se*, he is nonetheless bound by the same rules of procedure that govern other litigants.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure."); *Jacobsen*

---

[1]  In determining whether a Rule 41(b) dismissal is warranted, the district court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).  Similarly, in deciding whether to dismiss an action for failure to comply with the court's order, the district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation marks and citation omitted).  Upon consideration of these factors, the court finds that both Rule 41(b) dismissal and dismissal for failure to comply with the court's order would presently be warranted.

*v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[*P*]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

The parties are hereby notified that plaintiff's failure to cooperate with defendants in preparing and filing a timely proposed joint pretrial order will result in dismissal of plaintiff's complaint, leaving the counterclaims pending. While policy favors deciding cases on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).

While the parties assert that they have been unable to agree on specific language in their drafts, Local Rule 16-4 sufficiently remedies their problem. Specifically, Local Rule 16-4 provides that "[s]hould the attorneys or parties be unable to agree on the statement of issues of fact [and/or the statement of issues of law], the joint pretrial order should include separate statements of issues of fact [and/or statements of issues of law] to be tried and determined upon trial." LR 16-4 n.1, n.2. In light of Local Rule 16-4, the court finds that it is well within the parties' capabilities to prepare and file a proposed joint pretrial order in accordance with the applicable local and federal rules.

Accordingly,

IT IS HEREBY ORDERED that on or before Monday, July 17, 2017, the parties shall prepare and file, within fourteen (14) days of the entry of this order, a proposed joint pretrial order that complies with LR 16-3 and LR 16-4.

IT IS FURTHER ORDERED that failure to timely comply with this order will result in sanctions—specifically, the dismissal of the complaint without prejudice—consistent with the foregoing.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that on or before Monday, July 17, 2017, plaintiff shall show cause in writing why default should not be entered against him on defendants' counterclaims for plaintiff's failures to comply with the court's orders.

DATED July 3, 2017.

_____
UNITED STATES DISTRICT JUDGE