UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABET JUSTICE LLC, et al., | Case No. 2:14-CV-908 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Abet Justice LLC v. First America Trustee Servicing Solutions, LLC et al.*, case number 2:14-cv-00908-JCM-GWF.

The court has repeatedly ordered the parties to file a proposed joint pretrial order. (*See* ECF Nos. 146, 153, 158). Pursuant to the scheduling order, joint pretrial orders were originally due by September 28, 2015. (ECF No. 47). The court has granted countless motions and stipulations to extend the dispositive motions deadline, which, in turn, have extended the joint pretrial order deadline. The joint pretrial order deadline has been extended nearly two years from the original deadline. Despite these orders and countless extensions granted, the parties have, again, failed to timely comply.

On May 19, 2017, the court ordered the parties to file a joint pretrial order by May 26, 2017, or show cause in writing why the parties were unable to reach an agreement. (ECF No. 153). Defendant Sunridge Heights (the "HOA") filed a response (ECF No. 154), as did defendants Bank of New York Mellon ("BNYM") and First America Trustee Servicing Solutions, LLC ("FATSS") (ECF No. 155). In essence, defendants assert that they have been unable to agree with

**James C. Mahan**
**U.S. District Judge**

plaintiff on the specific language in the joint pretrial order and that they have presented plaintiff with numerous drafts, all of which were rejected. (ECF Nos. 154, 155).

Rather than filing a response to show cause, *pro se* plaintiff Guetatchew Fikrou elected to file an individual pretrial order, which was falsely titled as a "proposed joint pretrial order," wherein plaintiff attached defendants' proposed draft with his handwritten edits thereon. (ECF No. 156).

On June 14, 2017, the court entered an order finding that Local Rule 16-4 adequately addressed the parties' disagreements over specific language. (ECF No. 158). Thus, the court struck plaintiff's noncompliant pretrial order and ordered the parties to meet and confer and file, by June 28, 2017, a proposed joint pretrial order in accordance with the applicable local and federal rules—specifically, LR 16-3 and LR 16-4. (ECF No. 158).

In that same order, the court cautioned that failure to timely comply with the filing of a proposed joint pretrial order could result in sanctions and/or dismissal, citing to *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010), for the proposition that "the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct." (ECF No. 158).

To date, the parties have not filed a proposed joint pretrial order as ordered by the court, and the period to do so has since passed. On June 30, 2017, the HOA filed a response to the court's June 14th order, setting forth the reasons for its noncompliance. (ECF No. 159). In particular, the HOA asserts that despite dozens of proposed drafts and attempts to meet plaintiff's demands, defendants have been unable to draft a joint pretrial order that plaintiff would sign. (ECF No. 159). The HOA further asserts that "[e]ven after cutting and pasting language that [plaintiff] wanted in the joint pretrial order and labelling it as disputed by the parties, [plaintiff] still would not agree to sign the final draft." (ECF No. 159 at 3 (capitalizations omitted)).

On the same date, defendants FATSS, RCS, and BNYM, collectively, filed a response to the court's June 14th order, asserting that plaintiff has refused to sign the most recent working draft of the joint pretrial order and attaching, *inter alia*, email correspondences between the parties. (ECF No. 160).

**James C. Mahan**
**U.S. District Judge**

- 2 -

On July 3, 2017, the court entered an order giving the parties one last chance to file a proposed joint pretrial order. (ECF No. 161). In that order, the court notified the parties that plaintiff's failure to cooperate with defendants in preparing and filing a timely proposed joint pretrial order would result in dismissal of plaintiff's complaint, leaving the counterclaims pending. (ECF No. 161 at 4). The court further ordered plaintiff to show cause in writing why default should not be entered against him on defendants' counterclaims for plaintiff's failures to comply with the court's orders. (ECF No. 161 at 5).

Plaintiff has failed to timely comply with both of the court's orders. Plaintiff has failed to respond to the court's order to show cause and has failed to cooperate with defendants' to file a proposed joint pretrial order. Rather, plaintiff filed an "opposition" to defendants' proposed pretrial order, attaching defendants' draft and plaintiff's handwritten edits thereto. (ECF No. 162).

Plaintiff asserts that defendants refused to make the proposed changes. (ECF No. 162). However, the majority of the changes plaintiff requested were changes to defendants' portions of the pretrial order. Local Rule 16-4 allows opposing parties to include separate statements of issues of fact and/or statements of issues of law. LR 16-4 n.1, n.2. Thus, defendants were not obligated to revise their separate statements to plaintiff's satisfaction.

In determining whether a Rule 41(b) dismissal is warranted, the district court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).

Similarly, in deciding whether to dismiss an action for failure to comply with the court's order, the district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation marks and citation omitted).

**James C. Mahan**
**U.S. District Judge**

1  Upon considering the aforementioned factors, the court finds that dismissal of plaintiff's complaint without prejudice is appropriate in light of plaintiff's repeated failures to comply with the court's orders.  The instant action was filed over three years ago, on June 11, 2014. (ECF No. 1).  Joint pretrial orders were originally due approximately two years ago, on September 28, 2015. (ECF No. 47).  The risk of prejudice to defendants is high as plaintiff's failure to comply with the court's orders have precluded their ability to proceed to trial.  Less drastic sanctions are insufficient to cure plaintiff's repeated noncompliance.

While policy favors deciding cases on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  As shown by plaintiff's repeated failures to comply with the court's orders, plaintiff has failed to satisfy his responsibility to move towards the disposition of the case at a reasonable pace.

In addition, the court the court finds that dismissal on the merits is appropriate.  (*See* ECF No. 147).  According to the record, a trustee's deed upon sale in favor of Abet Justice LLC ("Abet") was recorded on April 14, 2014.  (*See, e.g.*, ECF No. 49 at 59).  Nothing in the record indicates that any interest in the property was assigned to *pro se* plaintiff.  On September 26, 2016, Abet's claims were dismissed with prejudice.  (ECF No. 132).  While plaintiff claims that Abet transferred its interests in the property to plaintiff, the complaint does not include such allegations. (ECF Nos. 1, 152).  Therefore, plaintiff has failed to sufficiently state a quiet title claim because the complaint fails to adequately allege that plaintiff has a recorded interest in the property.

In light of the foregoing and for the reasons set forth in the court's July 3rd order (ECF No. 161), plaintiff's complaint (ECF No. 1) will be dismissed without prejudice.  Further, in light of plaintiff's failure to timely respond to the court's order to show cause (ECF No. 161), default will be entered against plaintiff on defendants' counterclaims (ECF No. 49).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's proposed pretrial order (ECF No. 162) be, and the same hereby is, STRICKEN.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same
2  hereby is, DISMISSED WITHOUT PREJUDICE.
3  IT IS FURTHER ORDERED that the clerk shall enter default against plaintiff on
4  defendants' counterclaims (ECF No. 49).
5  DATED July 19, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**