UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABET JUSTICE LLC, et al., | Case No. 2:14-CV-908 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al., | |
| Defendant(s). | |

This is a case with a long, tortured procedural history that has resulted in case-ending sanctions in favor of defendants for plaintiffs' failures to comply with the local rules of practice and the explicit orders of the court.

Presently before the court is an August 1, 2017 motion for default judgment (ECF No. 165) by defendants Bank of New York Mellon (BNYM), First America Trustee Servicing Solutions (First America), L.L.C., and Residential Credit Solutions, Inc. (Residential Credit). The motion seeks to enforce a prior order of the court entering default in favor of defendants. On August 8, 2017, *pro se* plaintiff Guetatchew Fikrou responded.[1] (ECF No. 168). On August 15, 2017, defendants replied. (ECF No. 169).

---

[1] Also, on August 23, 2017, Fikrou (a *pro se* litigant) filed a "reply to his application for summary judgment against Bank of New York et. al.," (ECF No. 172), though no motion for summary judgment is outstanding. Fikrou explicitly admits, "Fikrou is a bit confused with the documents ECF Nos. 169, 170 and 171. These documents are confusing, repetitive and Mrs. Connolly states that . . . 'Fikrou does not dispute, nor could he in good faith, that default [judgment] should be entered in favor of BONY' . . . This Honorable Court is aware that Fikrou has filed his complete Opposition with the facts and support law that he is against the default [judgment] in favor of BONY." *Id.* at 2.

**James C. Mahan**
**U.S. District Judge**

Also before the court is Fikrou's August 7, 2017 motion for district judge to reconsider its order dismissing the complaint (ECF 163) and the clerk's entry of default (ECF No. 164). (ECF No. 167). Defendants responded (ECF No. 170), to which Fikrou replied (ECF No. 173).

**I.    Facts**

This case involves a dispute over real property located at 2138 Montana Pine Drive, Henderson, Nevada 89052 (the "property").

On March 20, 2007, Shannon Moore obtained a loan from Countrywide Home Loans, Inc. Mortgage in the amount of $556,000.00 to purchase the property, which was secured by a deed of trust recorded on April 26, 2007.

The deed was assigned to BNYM via an assignment of deed of trust recorded on November 9, 2010.[2] An assignment of deed of trust was recorded on March 7, 2014, clarifying the assignment to BNYM.

On September 11, 2013, defendant Nevada Association Services, Inc. (NAS), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $4,062.92. (ECF No. 49 at 51). On October 28, 2013, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $4,988.64. (ECF No. 49 at 53).

On March 17, 2014, NAS recorded a notice of trustee's sale, stating an amount due of $5,867.36. (ECF No. 49 at 57). BNYM did not bid or pay the noticed amount. On April 11, 2014, Abet Justice, LLC purchased the property at the foreclosure sale for $42,100.00. A trustee's deed upon sale in favor of Abet was recorded on April 14, 2014. (ECF No. 49 at 59). Fikrou asserts that he is the owner of Abet Justice. (ECF No. 1).

On June 11, 2014, Fikrou and Abet Justice filed the underlying complaint against defendants, alleging two causes of action: (1) quiet title and (2) declaratory relief. (ECF No. 1). On February 9, 2015, defendants filed an answer. (ECF No. 33). On April 29, 2015, defendants filed an amended answer and counterclaim, alleging six causes of action: (1) quiet title/declaratory judgment; (2) preliminary and permanent injunction against Fikrou; (3) wrongful foreclosure

---

[2] (ECF No. 49 at 46–47).

against NAS and the HOA; (4) negligence against the HOA and NAS; (5) negligence *per se* against the HOA and NAS; and (6) breach of the covenant of good faith and fair dealing against the HOA. (ECF No. 49).

On March 23, 2016, the court dismissed BNYM's counterclaims (2) through (6). (ECF No. 104). BNYM's only counterclaim remaining, then, was its quiet title claim against Abet Justice. (*See* ECF No. 49).

On April 11, 2016, Abet Justice's and Fikrou's counsel moved to withdraw as attorney. (ECF No. 105). On April 29, 2016, this court granted the motion. (ECF No. 110). In that order, the court ordered that "Abet Justice L.L.C. must retain new counsel if it intends to continue to litigate this matter. Plaintiff Abet Justice L.L.C. shall have until 5/30/16, to advise the Court if it will retain new counsel." *Id.* Abet Justice did not comply.

On June 24, 2016, the court entered an order to show cause stating the following:

> Plaintiff Abet Justice, L.L.C. shall show cause, in writing, no later than **July 1, 2016**, why sanctions should not be imposed for the failure to comply with this Court's prior order. Failure to timely respond to this Order to Show Cause shall result in the imposition of sanctions.

(ECF No. 117).

Abet Justice never complied with the court's orders. Accordingly, on July 20, 2016, Magistrate Judge Foley recommended that plaintiff Abet Justice's claims be dismissed with prejudice based on plaintiff's failure to comply with the court's order to obtain successor counsel. (ECF No. 121). Fikrou timely objected, arguing that the failure to comply was excusable neglect. (ECF No. 123).

On September 8, 2016, Fikrou filed a document entitled "Plaintiff Guetatchew Fikrou's substitution of representation." (ECF No. 130). In this document, Fikrou notified the court that Abet Justice conveyed whatever interest it had in the subject property of this litigation to Fikrou by way of quitclaim deed, and attached a copy of the deed to Fikrou's filing. *Id.* The deed has been recorded by the Clark County recorder. *See id.* at 4.

On September 26, 2017, this court adopted Magistrate Judge Foley's R&R in its entirety and dismissed all of Abet Justice's claims with prejudice. (ECF No. 132). At this point, Abet Justice was terminated as a plaintiff but remained in the action as a counterdefendant to BYNM's

**James C. Mahan
U.S. District Judge**

- 3 -

first counterclaim. (ECF 49 at 8–18). However, as Abet Justice quitclaimed to Fikrou any and all interest it had in the property subject to BYNM's quiet title claim, Fikrou thereby substituted himself as the successor and real party in interest subject to counterdefendant to BNYM's quiet title claim. (*See* ECF No. 130). Abet Justice had no remaining interest in this action.

On April 27, 2017, Magistrate Judge Foley ordered the parties to file a joint pretrial order "which fully complies with the requirements of LR 16-3 and LR 16-4 no later than 5/5/17." (ECF No. 146).

On May 2, 2017, this court ordered Fikrou to show cause why this action should not be dismissed for lack of standing. (ECF No. 147). Fikrou responded, informing the court that Abet signed a quitclaim deed to Fikrou, conveying its interest in the subject property to Fikrou, giving him standing, and that Abet has since been dissolved as an entity in the state of Nevada. (ECF No. 152). Fikrou argued that he is "well aware now that his entity ABET cannot be represented by a 'Pro se Representation.' . . . That is why Fikrou has transferred ownership of the property to him around August 30, 2016 and that is why he has dissolved ABET as of September 1, 2016." *Id.* (citation omitted). Fikrou provided documentation in support of the dissolution. *Id.*

Next, on May 19, 2017, Magistrate Judge Foley entered an order stating:

> This matter is before the Court on the parties failure to file a joint pretrial order as required by LR 16-3, LR 26-1 and as instructed by the Court on April 27, 2017. *See* ECF No. 146. . . . The parties' separate proposed pretrial orders do not comply with LR 16-3. The court, therefore, instructs the parties to further meet and confer to file a joint proposed pretrial order by May 26, 2017 or, in the alternative, show cause in writing why the parties were unable to reach an agreement. Failure to timely comply may result in the imposition of sanctions.

(ECF No. 153).

Rather than comply with this order, the parties filed individual, separate proposed pretrial orders due to an alleged inability to agree on the language of the proposed order. On June 14, 2017, this court entered an order holding that the parties had not complied with local court rules or its prior orders and therefore, the proposed pretrial orders needed to be stricken. (ECF No. 158). The court further advised the parties that Local Rule 16-4 addresses the parties' alleged issue, which provides, "Should the attorneys or parties be unable to agree on the statement of issues of fact [and/or the statement of issues of law], the joint pretrial order should include separate

statements of issues of fact [and/or statements of issues of law] to be tried and determined upon trial." *Id.* (citing LR 16-4 n.1, n.2). The court therefore ordered:

> In light of the foregoing, the parties shall file, within fourteen (14) days of the entry of this order [on June 14, 2017], a proposed joint pretrial order that complies with LR 16-3 and LR 16-4. . . . No further extensions will be considered absent a showing of good cause. Failure to timely comply with this order may result in sanctions and/or dismissal. *See, e.g.*, *Ready Transp., Inc.*, 627 F.3d at 404 (finding that "the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct . . .").

*Id.* (citation omitted). The court acknowledged that Fikrou is appearing *pro se*, but that the court cannot treat him more favorably than parties with attorneys of record. *Id.* at 2 n.1.

Before the deadline passed, counter-defendant Sunridge Heights and defendants BNYM, First America, and Residential Credit all filed responses to the court's June 14 order, (ECF Nos. 159, 160), including attached drafts of their proposed pretrial orders and alleging that they attempted to include language of which Fikrou would approve but he continually refused to sign the orders, "[e]ven after cutting and pasting language that Mr. Fikrou wanted in the Joint Pre-Trial Order and labelling it as disputed by the Parties . . . ." (ECF No. 159 at 3). Fikrou made no filing during this time.

On July 3, 2017, the court noted that it "has repeatedly ordered the parties to file a proposed joint pretrial order," and that "[t]he court has granted countless motions and stipulations to extend the dispositive motions deadline, which, in turn, have extended the joint pretrial order deadline. The joint pretrial order deadline has been extended nearly two years from the original deadline [of September 28, 2015]. Despite these orders and countless extensions granted, the parties have, again, failed to timely comply." (ECF No. 161).

The court observed that "[t]o date, the parties have not filed a proposed joint pretrial order as ordered by the court, and the period to do so has since passed." *Id.* By law, dismissal of the action then-and-there would have been appropriate and warranted. *Id.* at 3. However, the court held that "because policy favors the disposition of cases on the merits, the court will afford the parties one last opportunity to file a proposed joint pretrial order that complies with LR 16-3 and LR 16-4." *Id.* "The parties are hereby notified that plaintiff's failure to cooperate with defendants in preparing and filing a timely proposed joint pretrial order will result in dismissal of plaintiff's

James C. Mahan
U.S. District Judge

- 5 -

complaint, leaving the counterclaims pending."[3] *Id.* Accordingly, the court ordered "that on or before Monday, July 17, 2017, the parties shall prepare and file, within fourteen (14) days of the entry of this order, a proposed pretrial order that complies with LR 16-3 and LR 16-4. . . . [F]ailure to timely comply with this order will result in sanctions—specifically, the dismissal of the complaint without prejudice—consistent with the foregoing." *Id.* at 4. Additionally, the court ordered "that on or before Monday, July 17, plaintiff [Fikrou] shall show cause in writing why default should not be entered against him on defendants' counterclaims for plaintiff's failure to comply with the court's orders." *Id.* at 5.

On July 14, 2017, Fikrou filed a proposed pretrial order that was not signed and approved by the other parties, and thus, he failed to comply with this court's numerous prior orders. (ECF No. 162). The July 17, 2017 deadline passed without further filings. On July 19, 2017, the court struck Fikrou's noncompliant pretrial order and sanctioned him—as promised—by dismissing the complaint without prejudice by instructing the clerk to enter default against plaintiff on defendants' counterclaims. (ECF No. 163).

Now, in the final stage of this ongoing debacle, defendants BNYM, First America, and Residential Credit move for a final judgment upon the clerk's entry of default, (ECF No. 165), and Fikrou moves for the court to reconsider its decision to enter default against him, (ECF No. 167).

To date, there is still no joint pretrial order on the docket.

As a sanction for Fikrou's repeated noncompliance with numerous, clear, and explicit court orders, his repeated failure to correct his conduct after multiple opportunities, and upon sufficient notice to the parties, this court enters default judgment against Fikrou in favor of BNYM on its quiet title counterclaim and denies Fikrou's motion for reconsideration.

**II.    Legal Standard**

The local rules of practice give this court broad discretion to enforce compliance with the rules and compliance with explicit court orders:

---

[3] Although the court stated "counterclaims," by that the time, there was only one counterclaim remaining, which was BNYM's counterclaim against Abet Justice, for which Fikrou had been effectively substituted as the counterdefendant upon Abet Justice's quitclaiming of the property to Fikrou and subsequent dissolution.

> The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who: . . .
>
> (c) Fails to comply with these rules; or
>
> (d) Fails to comply with any order of this court.

LR IA 11-8.

This court entered default on BNYM's counterclaim, in BNYM's favor against Fikrou, as a sanction for failure to comply with a court order. This triggered Federal Rule of Civil Procedure 55's default procedures.

Under this rule, obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

The choice whether to enter a default judgment after the clerk's entry of default lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).[4]

---

[4] In this case, the term the terms "plaintiff" and "complaint" in *Geddes* will instead refer to BNYM (the counter-plaintiff) and BNYM's answer (which contains the counterclaim upon which default has been entered against Fikrou).

The first *Eitel* factor weighs in favor of default judgment. BNYM will be prejudiced because it has no avenue by which to litigate its quiet title action except through this action, as Fikrou's noncompliance with court orders has wholly prevented this case from going forward and the ability of BNYM to obtain an adjudication on the merits. Therefore, if the motion for default judgment is not granted, plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 283 F. Supp. 2d 1127, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors weigh in favor of default judgment. BNYM's counterclaim states a plausible claim for relief, *see* N.R.S. § 40.010; *see also* ECF No. 109 (noting that the questions presented in this case have "yielded extensive ongoing litigation in both federal and state court and is highly fact dependent"), and there are genuine issues of material fact remaining on the claim, (*see generally* ECF No. 141) (holding that "while NRS 116.3116 accords certain deed recitals conclusive effect . . . it does not conclusively, as a matter of law, entitled defendants or Fikrou to success on their quiet title claim," and that "genuine issues of fact exist regarding Abet's status as a bona fide purchaser so as to preclude summary judgment," and not yet addressing potential constitutional arguments). However, because of Fikrou's noncompliance with court orders, Fikrou has prevented this case from proceeding to a trial on the merits to finally determine the merits of the case.

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Trs. of Plumbers & Pipefitters Union Local 525 Health & Welfare Trust & Plan v. T.E.N. Mech. Corp.*, No. 2:10-cv-02258-RLH-NJK, 2013 WL 1249600 (D. Nev. March 27, 2013) (quoting *Landstar Ranger, Inc. v. Parth Enter., Inc.,* 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)). The equivalent value of the title to the property at the center of this litigation is large, but the amount is commensurate with the seriousness of defendant's repeated and relentless noncompliance with court orders.

At some point, this court must be able to take appropriate action to enforce its orders and local court rules in order to advance the case to a resolution. Despite multiple court orders

instructing the parties how to proceed, this court finds that Fikrou's noncompliance was the primary cause of indefinite delay of this case and, after repeated warnings and second chances, he deserved no further chances to comply and the other parties' interest in a resolution of this matter became an overriding concern. This court finds that no lesser sanction other than dismissal of Fikrou's complaint and default judgment in favor of BNYM would be adequate to remedy the fact that BNYM will be unable to obtain a timely, final resolution on the merits without it. Despite the gravity of the outcome, this court is convinced that no lesser sanction would adequately remedy Fikrou's repeated noncompliance—because this is the only remedy that ensures a timely resolution of the case—and that this outcome is just.

The fifth *Eitel* factor also favors default judgment. "Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Geddes,* 559 F.2d at 560. Here, BNYM's counterclaim states a plausible case for relief. Given the sufficiency of the counterclaim, and Fikrou's default, "no genuine dispute of material facts would preclude granting [this] motion." *Cal. Security Cans,* 238 F. Supp. 2d at 1177.

Applying the sixth factor, the court cannot conclude that Fikrou's default is due to excusable neglect. The court detailed above its repeated efforts to notify the parties of what must be done, issued multiple orders to show cause, and issued multiple warnings of the impending sanctions that would result if Fikrou continued to fail to comply. After all of these chances, this court is compelled to conclude that Fikrou's neglect in complying with court orders is inexcusable.

Of course, the final *Eitel* factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238 F. Supp. at 1177 (citation omitted). Rather, the overriding equitable concern in this case is that Fikrou's repeated failures to comply with court orders and local rules "makes a decision on the merits impractical, if not impossible." *Id.*

Therefore, as a sanction for Fikrou's repeated noncompliance with court orders, the court hereby grant's BNYM's motion for default judgment and quiets title in BNYM's favor, against Fikrou and Abet Justice. The court will grant BNYM's substantive requests for relief and deny its requests for preliminary injunctive relief as moot, and deny its request for "general and special damages" because BNYM has not established a right to monetary relief upon a quiet title claim. Further, BNYM's motion does not establish any right to any attorney fees or costs.

That said, the BNYM's requested declaratory relief reaches too far given the fact that this case was unable to proceed to a final resolution on the merits. Therefore, this court will quiet title and enter a declaratory judgment that ensures BNYM's interest on the property here is secured *as a sanction* for Fikrou's noncompliance with court orders, but this order should not be read as any indication about how the court would have ruled on the merits of any of the issues in this action had it proceeded to a final resolution on the merits.

Finally, this court has considered Fikrou's motion for reconsideration of the order of dismissal and entry of default. The motion is denied. Fikrou argues that reconsideration is available "only on the basis of specifically-identified 'new or different facts, circumstances, or law' that were not shown" at the time of the original motions. (ECF No. 167). First, he argues that one problem with the other parties' proposed pretrial order is that it listed the matter as a "bench trial" rather than jury trial, but at the time the parties were drafting the order, the only remaining claims were claims in equity regarding quiet title, and Fikrou has not established a right to a jury trial on such claims.

Fikrou also claims that the other parties would not agree to list a prior court order, ECF No. 141 (denying summary judgment), in the proposed pretrial order. However, Fikrou has not explained why he could not have included this information himself in his separate statement of issues of fact and law to be tried and determined upon trial in accordance with this court's multiple prior orders and LR 16-4 n.1, n.2. Further, Fikrou has not explained why he could not have brought this issue to the court's attention sooner.

Next, Fikrou complains that the other parties agreed to include information in the proposed pretrial order regarding the quitclaim deed transferring title from Abet Justice to

Fikrou, but that the changes were never made. (ECF No. 167 at 7). First, Fikrou has not shown how this is new information warranting reconsideration. Second, if the parties did not agree to stipulate to this fact, Fikrou needed to include it in his own separate statement of facts. LR 16-4 n.1.

Fikrou's next argument, that he "does not remember seeing the documents listed on page 5, line4-9 of and [sic] line 20-26 of page 5 of Exhibit E. But the same document are [sic] showing up on page 8, line 6-11 . . . ." does not state a basis for reconsideration.

Fikrou also complains that an address was wrong, which should be correct. Again, if there are disputed facts for trial upon which the parties could not agree, Fikrou needed to list them separately in accordance with this court's multiple orders and Local Rule 16-4 n.1.

Lastly, Fikrou points out that "he has filed his response with the Court, since the parties would not agree on the [proposed] pre-trial order . . . ." This argument is not only something Fikrou could have raised before, but is something he *did* raise before and the court has already considered and rejected.

Fikrou's other arguments in his motion do not present adequate bases for reconsideration.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BNYM's motion for default judgment (ECF No. 165) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Fikrou's motion for reconsideration (ECF No. 167) be, and the same hereby is, DENIED.

IT IS FURTHER ORDRED that, as a sanction against Guetatchew Fikrou, the court hereby quiets title in the Bank of New York Mellon's favor and the Bank of New York Mellon's lien and interest in the real property located at 2138 Montana Pine Drive, Henderson, Nevada 89052 has remained and is secured against the property and is superior to any interest held by Guetatchew Fikrou and Abet Justice, LLC.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 11 -

IT IS FURTHER ORDERED that, all outstanding causes of action having been resolved, the clerk shall enter judgment accordingly and close the case.

DATED September 21, 2017.

_____
UNITED STATES DISTRICT JUDGE