UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABET JUSTICE LLC, et al., | Case No. 2:14-CV-908 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| FIRST AMERICA TRUSTEE SERVICING SOLUTIONS, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants First America Trustee Servicing Solutions, LLC, Residential Credit Solutions, Inc., and defendant/counter-claimant Bank of New York Mellon's ("BONY") motion to expunge plaintiff's *lis pendens*. (ECF No. 186).

**I.    Facts**

Plaintiff initiated this action on June 11, 2014, after purchasing an interest in the property known as 2138 Montana Pine Drive, Henderson, Nevada, APN 178-32-312-010 (the "Property") in a non-judicial HOA lien assessment foreclosure sale. (ECF No. 1). Defendants filed a motion to dismiss on July 7, 2014. (ECF No. 5). Plaintiff filed a notice of *lis pendens* on the Property on July 18, 2014. (ECF No. 8). Defendants filed a motion to expunge plaintiff's *lis pendens* on July 21, 2014. (ECF No. 10). Defendants' two motions were denied by the court on August 8, 2014 as a result of the inconsistent application of Nevada Revised Statute Chapter 116 by both state and federal courts. (ECF No. 23, 2:1-22).

On September 21, 2017, after several years of litigation, the court granted BONY's motion for default judgment and quieted titled in BONY's favor. (ECF No. 175, 11:18-26). The clerk entered judgment in favor of BONY that same day. (ECF No. 176). Per the order, BONY's lien

**James C. Mahan**
**U.S. District Judge**

and interest in the property remained and is superior to any interest held by plaintiff. (ECF No. 175). Plaintiff filed a notice of appeal as to the order granting default judgment. (ECF No. 177).

Despite the court's quieting title in favor of BONY, plaintiff continues to occupy and enjoy the property. BONY cannot evict the plaintiff, or otherwise exert its ownership rights, because the Property's title remains clouded by the *lis pendens*.

**II. Discussion**

BONY requests the court enter an order expunging plaintiff's *lis pendens* (ECF No. 8) and removing it from the property's chain of title. (ECF No. 186). In the instant motion, BONY asserts that expunction of *lis pendens* is appropriate pursuant to NRS § 14.015.

"The doctrine of *lis pendens* provides constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012) (citing Nev. Rev. Stat. § 14.010(3)). "[L]*is pendens* are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments; rather, their office is to prevent the transfer or loss of real property which is the subject of dispute in the action that provides the basis for the *lis pendens*." *Levinson v. District Court*, 857 P.2d 18, 20 (Nev. 1993).

Pursuant to §14.015, a party's ability to maintain a *lis pendens* depends upon that party's possible future entitlement to the property. Nev. Rev. Stat. § 14.015. "A party who records the notice of *lis pendens* must establish to the satisfaction of the court either: (a) that the party who recorded the notice is likely to prevail in the action, or (b) that the party who recorded the notice has a fair chance of success on the merits in the action…" *Barnett-Moore v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 10217, at *14-15 (D. Nev. Jan. 25, 2013) (citing Nev. Rev. Stat. § 14.015(3)(a)-(b)).

Here, the court quieted title in favor of BONY on September 21, 2017. (ECF No. 176). Thus, plaintiff is not likely to prevail in the action nor does plaintiff have a fair chance of success on the merits. Plaintiff is thus incapable of meeting either standard laid out in § 14.015(3).

Pursuant to Federal Rules of Appellate Procedure 8, a party aggrieved by a district court's ruling must move to stay if that party hopes to prevent that judgment from being executed pending appeal. Fed R. App. P. § 8(a)(1)(A)-(C). An appeal does not automatically stay a case, but a party

must affirmatively request a stay. Fed. R. Civ. P. 8. Upon request, granting of a stay is still within the discretion of the court.

While plaintiff appealed the order entering default judgment in favor of BONY (ECF No. 177), plaintiff failed to move to stay. Accordingly, the default judgment quieting title of the property in BONY's favor (ECF No. 176) went into effect. (ECF No. 179).

**III.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to expunge *lis pendens* (ECF No. 186) be, and the same hereby is, GRANTED

DATED November 30, 2017.

_____
UNITED STATES DISTRICT JUDGE